UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES COLEMAN, | ) Case No.: |
| Plaintiff, | ) |
| | ) |
| v. | ) COMPLAINT AND DEMAND |
| | ) FOR JURY TRIAL |
| IC SYSTEM, | ) |
| | ) |
| Defendant. | ) (Unlawful Debt Collection Practices) |
| | ) |
| | ) |

## COMPLAINT

CHARLES COLEMAN ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against IC SYSTEM ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq* and the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the Commonwealth of Pennsylvania, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19141.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692 a(3).

7. In the alternative, Plaintiff is a person granted a cause of action under the FDCPA, See §1692 (k)(a) and Wenrich v. Cole, 2000 U.S. Dist. LEXIS 18687 (E.D. Pa. Dec. 22, 2000).

8. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

9. Defendant is a national debt collection company with its corporate headquarters located at 444 Highway 96 East, PO Box 64378, St. Paul, Minnesota, 55164.

10. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

11. Defendant is a "debt collector" as that term is defined by 15 U.S.C. §1692 a(6), and sought to collect a debt from Plaintiff.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

14. Plaintiff has a cellular telephone number that he has had for at least two years.

15. Plaintiff has only used this phone number as a cellular telephone.

16. Defendant was attempting to collect an alleged consumer debt from Plaintiff.

17. Plaintiff does not have any business debts, so the debt that Defendant has been contacting Plaintiff about could only have been incurred for personal, family or household purposes.

18. Beginning in January 2014 and continuing through March 2016, Defendant contacted Plaintiff by calling his cellular telephone in its attempts to collect an alleged personal debt.

19. During this time, Plaintiff received automated calls that would begin with a noticeable delay before being transferred to Defendant's representatives or automated calls with pre-recorded messages from Defendant that said they were calling about a "very important matter."

20. Defendant has placed telephone calls to Plaintiff from the phone number (208) 515-7470. The undersigned has confirmed that this phone number belongs to Defendant.

21. Plaintiff revoked any consent he may have previously provided in January or February 2014.

22. However, the telephone calls to Plaintiff's cellular telephone continued despite Plaintiff's repeated requests to stop calling.

23. After numerous requests to Defendant to stop calling had failed, Plaintiff was forced to block calls from Defendant's phone number.

24. Upon information and belief, Defendant conducts business in a way that violates the Telephone Consumer Protection Act.

25. Further, upon information and belief, Defendant continued to contact Plaintiff throughout the one year prior to the filing of this complaint, despite prior and ongoing requests to cease calls in order to harass and coerce payment from Plaintiff.

**COUNT I**
**DEFENDANT VIOLATED §§1692d and 1692d(5) OF THE FDCPA**

26. A debt collector violates §1692d of the FDCPA by engaging in conduct the natural consequence is to harass, oppress, or abuse any person in connection with the collection of a debt.

27. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

28. Defendant violated §§1692d and 1692d(5) when it placed repeated and harassing telephone calls to and when it continued to call Plaintiff knowing the calls were unwanted.

**COUNT II**
**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

29. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

30. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

31. Defendant's calls to Plaintiff were not made for emergency purposes.

32. Defendant's calls to Plaintiff, on and after January or February 2014, were not made with Plaintiff's prior express consent.

33.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

34.   The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35.   As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, CHARLES COLEMAN, respectfully prays for judgment as follows:

 a.   All actual damages suffered by Plaintiff pursuant to 15 U.S.C. §1692 (k)(a)(1);

 b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. §1692 (k)(a)(2)(A);

 c.   All reasonable attorneys' fees, witness fees, court courts and other litigation expenses incurred by Plaintiff pursuant to 15 U.S.C. §1693 (k)(a)(3);

 d.   All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

 e.   Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

 f.   Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

g. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

h. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CHARLES COLEMAN, demands a jury trial in this case.

Respectfully submitted,

Dated: May 26, 2016   By:   /s/ Amy L. Bennecoff Ginsburg, Esq.
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com